This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Neil Holmquist v. The Stone Group, Inc., Thomas Keaty, Kevin Kenzinger

| | |
|---|---|
| Case Number | 45D11-2107-CT-000654 |
| Court | Lake Superior Court, Civil Division 7 |
| Type | CT - Civil Tort |
| Filed | 07/14/2021 |
| Status | 07/14/2021 , Pending (active) |

## Parties to the Case

Defendant   The Stone Group, Inc.

Address
228 N. Washtenaw Avenue
N/A
Chicago, IL 60612

Defendant   Keaty, Thomas

Address
228 N. Washtenaw Avenue
N/A
Chicago, IL 60612

Defendant   Kenzinger, Kevin

Address
228 N. Washtenaw Avenue
N/A
Chicago, IL 60612

Plaintiff      Holmquist, Neil

Address
115 E. 113 Avenue
N/A
Crown Point, IN 46307

Attorney
James Walter Hortsman
*#3226945, Retained*

115 E. 113th Avenue
Crown Point, IN 46307
(708) 638-7172(W)

## Chronological Case Summary

07/14/2021   **Case Opened as a New Filing**

USDC IN/ND case 2:21-cv-00245-JTM-JPK    document 1-2    filed 08/09/21    page 2 of 29

| 07/14/2021 | **Appearance Filed** | |
|---|---|---|
| | Appearance | |
| | For Party: | Holmquist, Neil |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | Exhibit A.pdf | |
| | Exhibit B.pdf | |
| | Holmquist Complaint.pdf | |
| | Complaint/Equivalent Pleading | |
| | Filed By: | Holmquist, Neil |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Subpoena/Summons Filed | |
| | Filed By: | Holmquist, Neil |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Subpoena/Summons Filed | |
| | Filed By: | Holmquist, Neil |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Subpoena/Summons Filed | |
| | Filed By: | Holmquist, Neil |
| | File Stamp: | 07/14/2021 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Holmquist, Neil
Plaintiff

**Balance Due** (as of 08/04/2021)
0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/14/2021 | Transaction Assessment | 157.00 |
| 07/14/2021 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

**45D11-2107-CT-000654**
Lake Superior Court, Civil Division 7

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

USDC IN/ND case 2:21-cv-00245-JTM-JPK   document 1-2   filed 08/09/21   page 4 of 29

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) | SS: | |
| COUNTY OF LAKE | ) | | SITTING IN _____, INDIANA |

| | |
|---|---|
| NEIL HOLMQUIST, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) CAUSE NO.: 45D11-2107-CT-000654 |
| vs. | ) |
| | ) |
| THE STONE GROUP, INC. | ) |
| THOMAS KEATY, and | ) |
| KEVIN KENZINGER, | ) JURY TRIAL DEMAND |
| | ) |
|       Defendants. | ) |

## **APPEARANCE**

1. The party on whose behalf this form is being filed is:
   Initiating   __X__   Responding _____ Intervening _____; and

2. The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:     NEIL HOLMQUIST

3. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information required by Trial Rules 3.1 and 77(B) is as follows:

   James W. Hortsman, Attorney No. 32269-45      jhortsman@hortsman.com
   Hortsman Law Group LLC
   115 E. 113th Ave.
   Crown Point, IN 46307
   Telephone (219) 200-4112

4. This is an CT case type as defined in administrative Rule 8(B)(3).

5. I will accept service by FAX at the above noted number: Yes____ No __X__

6. This case involves child support issues. Yes _____No __X__

7. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes____ No __X__

8. This case involves a petition for involuntary commitment. Yes____ No __X__

9. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

10. These are related cases: Yes_____ No__X___

11. Additional information required by local rules:

12. There are other party members: Yes_____ No ___X____   (If yes, list on continuation page)

13. This form has been served on all other parties and Certificate of Service is attached:
    Yes_____ No __X____

/s/ James W. Hortsman
James W. Hortsman, #32269-45
JAMES W. HORTSMAN LAW GROUP LLC
115 E. 113th Ave.
Crown Point, IN 46307

**45D11-2107-CT-000654**
Lake Superior Court, Civil Division 7

USDC IN/ND case 2:21-cv-00245-JTM-JPK   document 1-2   filed 08/09/21   page 6 of 29

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING IN _____, INDIANA |

| | | |
|---|---|---|
| NEIL HOLMQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:   45D11-2107-CT-000654 |
| vs. | ) | |
| | ) | |
| THE STONE GROUP, INC. | ) | |
| THOMAS KEATY, and | ) | |
| KEVIN KENZINGER, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

# SUMMONS

The State of Indiana to Defendant:     Kevin Kenzinger
228 N Washtenaw Avenue
Chicago, IL 60612

You have been sued by the person(s) names as "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT in within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer,

The following manner of service is hereby designated: **CERTIFIED MAIL**

Date:_____7/14/2021_____     By: _Lorenzo Arredondo_____ KP
                                    Deputy Clerk
                                    CLERK OF THE LAKE SUPERIOR COURT

*LAKE COUNTY COURTS SEAL INDIANA*

### CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant named above by (registered or certified) mail requesting a return receipt, at the address(es) furnished by the Plaintiff.

Dated:_____,2021.     By: _____
                                    Deputy Clerk of the Lake Superior Court

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to the Defendant name above was accepted by the Defendant on the _____ day of _____ 2021.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT returned not accepted on the _____ day of _____,2021.

Dated:_____     By:_____

### RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on the _____ day of _____ 2021, a copy of this SUMMONS a copy of the COMPLAINT and all other materials filed the same date to each of the within person(s).

2. By leaving on the _____ day of _____ 2021, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place or abode of _____ in _____, Indiana, with a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process threat.

3.  This SUMMONS came to hand this date, _____, 2021. The within named _____ was not found in my bailiwick this date, _____, 2021.

All done in Lake County, Indiana

Sheriff of Lake County, Indiana

By:_____,Deputy


## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all other materials filed the same date attached thereto were received by me at 228 N. Wastenaw Avenue in Chicago, Illinois on this date, _____, 2021.

_____
Signature of Defendant

**45D11-2107-CT-000654**
USDC IN/ND case 2:21-cv-00245-JTM-JPK document 1-2 filed 08/09/21 page 9 of 29
Lake Superior Court, Civil Division 7

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF LAKE | ) | | SITTING IN _____, INDIANA |

| | | |
|---|---|---|
| NEIL HOLMQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: |
| vs. | ) | 45D11-2107-CT-000654 |
| | ) | |
| THE STONE GROUP, INC. | ) | |
| THOMAS KEATY, and | ) | |
| KEVIN KENZINGER, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

# SUMMONS

The State of Indiana to Defendant:     Thomas Keaty
                                        228 N Washtenaw Avenue
                                        Chicago, IL 60612

You have been sued by the person(s) names as "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT in within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer,

The following manner of service is hereby designated: **CERTIFIED MAIL**

Date: _____7/14/2021_____    By: *Lorenzo Arredondo* KP

Deputy Clerk

CLERK OF THE LAKE SUPERIOR COURT

*(seal: LAKE COUNTY COURTS — SEAL — INDIANA)*

### CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant named above by (registered or certified) mail requesting a return receipt, at the address(es) furnished by the Plaintiff.

Dated: _____,2021.    By: _____

Deputy Clerk of the Lake Superior Court

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to the Defendant name above was accepted by the Defendant on the _____ day of _____ 2021.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT returned not accepted on the _____ day of _____,2021.

Dated:_____    By:_____

### RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on the _____ day of _____ 2021, a copy of this SUMMONS a copy of the COMPLAINT and all other materials filed the same date to each of the within person(s).

2. By leaving on the _____ day of _____ 2021, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place or abode of _____ in _____, Indiana, with a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process threat.

3. This SUMMONS came to hand this date, _____, 2021. The within named _____ was not found in my bailiwick this date, _____, 2021.

All done in Lake County, Indiana

Sheriff of Lake County, Indiana

By:_____,Deputy

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all other materials filed the same date attached thereto were received by me at 228 N. Wastenaw Avenue in Chicago, Illinois on this date, _____, 2021.

_____
Signature of Defendant

**45D11-2107-CT-000654**
Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

USDC IN/ND case 2:21-cv-00245-JTM-JPK document 1-2 filed 08/09/21 page 12 of 29
Lake Superior Court, Civil Division 7

| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF LAKE | ) | | SITTING IN _____, INDIANA |

| | | |
|---|---|---|
| NEIL HOLMQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  45D11-2107-CT-000654 |
| vs. | ) | |
| | ) | |
| THE STONE GROUP, INC. | ) | |
| THOMAS KEATY, and | ) | |
| KEVIN KENZINGER, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

# SUMMONS

The State of Indiana to Defendant:    THE STONE GROUP, INC.
c/o Registered Agent Kevin Kenzinger
228 N Washtenaw Avenue
Chicago, IL 60612

You have been sued by the person(s) names as "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT in within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer,

The following manner of service is hereby designated: **CERTIFIED MAIL**

Date:_____    7/14/2021        By: _____ KP

Deputy Clerk
CLERK OF THE LAKE SUPERIOR COURT

(SEAL — LAKE COUNTY COURTS INDIANA)

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2021, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant named above by (registered or certified) mail requesting a return receipt, at the address(es) furnished by the Plaintiff.

Dated:_____,2021.    By: _____

Deputy Clerk of the Lake Superior Court

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to the Defendant name above was accepted by the Defendant on the _____ day of _____ 2021.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT returned not accepted on the _____ day of _____,2021.

Dated:_____    By:_____

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on the _____ day of _____ 2021, a copy of this SUMMONS a copy of the COMPLAINT and all other materials filed the same date to each of the within person(s).

2. By leaving on the _____ day of _____2021, for each of the within named person(s) _____a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place or abode of _____ in _____, Indiana, with a person of suitable age

and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process threat.

3. This SUMMONS came to hand this date, _____, 2021. The within named _____ was not found in my bailiwick this date, _____, 2021.

All done in Lake County, Indiana

Sheriff of Lake County, Indiana

By:_____,Deputy

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all other materials filed the same date attached thereto were received by me at 228 N. Wastenaw Avenue in Chicago, Illinois on this date, _____, 2021.

_____
Signature of Defendant

**45D11-2107-CT-000654**
USDC IN/ND case 2:21-cv-00245-JTM-JPK   document 1-2   filed 08/09/21   page 15 of 29
Lake Superior Court, Civil Division 7

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

| STATE OF INDIANA | ) | | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF LAKE | ) | | SITTING IN _____, INDIANA |

| | | |
|---|---|---|
| NEIL HOLMQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:   45D11-2107-CT-000654 |
| vs. | ) | |
| | ) | |
| THE STONE GROUP, INC. | ) | |
| THOMAS KEATY, and | ) | |
| KEVIN KENZINGER, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiff, NEIL HOLMQUIST, by and through his counsel James W. Hortsman, of JAMES W. HORTSMAN LAW GROUP, LLC and hereby asserts cause of action against Defendants THE STONE GROUP, INC., THOMAS KEATY and KEVIN KENZINGER, states as follows:

## PARTIES, JURSIDICTION AND VENUE

1.      The Court has jurisdiction over the Defendants because the allegations making up the subject matter of this complaint all took place or resulted from Defendants' conduct of business, acts, omissions, transactions and other conduct in Lake County, Indiana.

2.      At all times relevant herein, Plaintiff, NEIL HOLMQUIST (hereinafter, "Holmquist") was and is a resident of Lake County, Indiana.

3.      At all times relevant herein, Defendant, THE STONE GROUP, INC. (known hereinafter "TSG") was, and is, an Illinois for-profit corporation, without authority to do business in Indiana, with a registered office at 228 N. Washtenaw Avenue, Chicago, IL 60612, providing

1

union labor and operating at Southlake Mall, 2109 Southlake Mall, Merrillville, IN 46410 (hereinafter the "Mall").

4.     At all times relevant herein, Thomas Keaty (hereinafter "Keaty") was and is currently a management employee with TSG with direct responsibility for the contract and project at the Mall.

5.     At all time relevant herein, Kevin Kenzinger (hereinafter "Kenzinger") was and is currently President and Chief Executive Officer of TSG.

6.     This action is brought pursuant to the Americans with Disability Act (42 U.S.C. § 12101, *et seq.*) ("ADA").

7.     All preconditions to jurisdiction under 42 U.S.C. § 12111, *et seq.*, have been satisfied.

        a.     Plaintiff filed a charge of employment discrimination on the basis of Disability and Retaliation with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged employment discrimination.

        b.     The EEOC issued a "Dismissal and Notice of Rights to Sue" on April 15, 2021. A copy of the "Dismissal and Notice of Rights to Sue" is attached hereto as "Exhibit A."

        c.     On or about April 15, 2021, Plaintiff received the "Notice of Rights to Sue" from the EEOC on the above referenced charge. As such, this civil action is being initiated within ninety (90) days of Plaintiff's receipt of the EEOC Dismissal and Notice of Rights.

## STATEMENT OF FACTS

2

8.      TSG assumed a contract for maintenance operations with Starwood Retail Partners ("Starwood") at the Mall from Able Engineering.

9.      Holmquist worked for Able Engineering before TSG assumed the contract and transitioned to TSG from Able Engineering along with all other employees from Able Engineering.

10.     Holmquist started as a Lead Maintenance engineer for TSG on or about September 1, 2019 and had worked in similar capacity at the Mall for more than 20 years before working with TSG.

11.     Holmquist suffers from type 2 diabetes and hypertension and has been disabled on or before October 29, 2019; accordingly, he is protected by the ADA.

12.     Upon information and belief, Holmquist believes his entire employee file from Able Engineering was provided to TSG, including a doctor's note with restrictions due to his disability.

13.     Holmquist has a limited restriction on his ability to perform some job duties of his position with TSG; namely, his treating physician restricted him from performing his job at elevated heights due the risk of health and safety of Holmquist and others.

14.     Holmquist reported to directly and indirectly to Saudeeq Hibbler ("Hibbler") of TSG and Mark Doran ("Doran") of Starwood.

15.     On or about October 24, 2019, Holmquist was instructed by Hibbler or Doran to hang holiday lighting from the rafters of the Mall.

16.     Holmquist objected to this request due to his restrictions and initially refused to perform the request.

17.     Holmquist notified both Hibbler and Doran of his disability and his restriction orally by citing his doctor's note.

18.     Other TSG employees offered to perform the project in place of Holmquist but were rebuffed by Hibbler or Doran.

19.     Holmquist eventually performed the work for fear of being sent home without pay or terminated on October 24, 2019.

20.     He was subsequently written up by TSG on October 29, 2019 via a Written Warning Letter ("Warning").

21.     Holmquist objected to the write up and provided additional documentation about his restriction on October 29, 2019 and November 7, 2019. See Exhibit B.

22.     At no point after the Warning did TSG take any step, make any inquiry, create any plan into providing Holmquist with any accommodation.

23.     Further, TSG did not attempt to accommodate or acknowledge Holmquist's request for accommodation.

24.     In fact, TSG continued to specifically assign to Holmquist work tasks that required him to work at elevated heights after October 29, 2019 and November 7, 2019.

25.     Each time Holmquist was assigned these work other TSG employee would attempt to switch duties but neither Doran or Hibbler would allow it.

26.     TSG, Keaty, and Kenzinger stated that it did not need to honor the request for accommodations because it was not made at or before the time Holmquist was hired by TSG.

27.     Further, Keaty and Kenzinger disparaged and belittled Holmquist in front of his coworkers, causing Holmquist severe humiliation and distress.

28.     Holmquist has suffered and continues to suffer: loss wages and income, lost benefits emotional damages as a result of Defendants' unlawful actions.

## COUNT I-AMERICANS WITH DISABILITY ACT

29.     Holmquist herein incorporates by reference and re-alleges each allegation as set forth paragraphs one (1) through twenty-eight (28) as if set out in their entirety herein.

30.     Holmquist is a qualifying individual with a disability as described in 42 U.S.C §12102(1).

31.     Title I of the ADA (42 U.S.C §12111) prohibits discrimination on the basis of disability in employment.

32.     TSG is a covered entity and employer as described in 42 U.S.C § 12111(2) - (5).

33.     Further, Title I of the ADA requires employers to make reasonable accommodations to known disabilities of qualified individuals.

34.     TSG had or should have had knowledge of Holmquist disability and request for accommodation on October 24, 2019.

35.     TSG had knowledge of Holmquist's disability and request for accommodation on October 29, 2019  by written notice and was notified again in writing on November 7, 2019.

36.     TSG is expressly required by the ADA to provide reasonable accommodations to employees with disabilities, such as Holmquist.

37.     TSG failed to take any steps accommodate Holmquist's reasonable accommodation.

38.     There would be no undue hardship to TSG accommodating Holmquist's request.

39.     TSG had other available and willing staff to perform the tasks that Holmquist was assigned that conflicted with his request for accommodations.

5

40.     TSG denied Holmquist fair and equal treatment in his employment due to his disability.

41.     Holmquist has suffered, and continues to suffer, loss wages, lost benefits, dignity and emotional damages as a result of Defendants' unlawful actions.

## COUNT II- INDIANA STATUORY LAW

42.      Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through forty-one (41) as if fully set forth herein.

43.     Indiana Code 22-9-5 prohibits employment discrimination against disabled persons.

44.     Holmquist is a qualified individual with a disability and protected from discrimination by Indiana Law under I.C. 22-9-5-16.

45.     TSG is prohibited from discriminating against Holmquist by Indiana Law under I.C. 22-9-5-19.

46.     Holmquist has suffered, and continues to suffer, loss wages, lost benefits, and emotional damages as a result of Defendants' unlawful behavior.

## COUNT III- INDIANA TORT CLAIMS

47.     Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through forty-six (46) as if fully set herein.

48.     TSG, Keaty, and Kenzinger engaged in extreme and outrageous conduct when it required Holmquist to continue to perform job duties at extreme heights after he made a request for accommodations.

6

49.     TSG, Keaty, and Kenzinger intentionally and/or recklessly engaged in this systematic discrimination against Holmquist; such conduct was willful and wanton, inconsistent with mere negligence, business judgment, or some other non-iniquitous human failing.

50.     Holmquist has suffered severe emotional distress caused by Defendants' actions.

51.     Holmquist has suffered, and continues to suffer, emotional damages as a result of the Defendants' unlawful actions.

### COUNT IV- SLANDER

52.     Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through fifty-one (51) as if fully set herein.

53.     TSG, Keaty, Kenzinger, and TSG's employees and agents, publicly indicated that Holmquist was a liar as to his disability.

54.     Defendants' public indications regarding Holmquist's disability, and Defendants assertions that Holmquist lied about the same equate to unprivileged false statements regarding Holmquist.

55.     Such unprivileged false statements caused, and continue to cause, Holmquist material and reputational harm.

56.     Defendants acted with, and continue to act with, negligence and/or actual malice.

57.     Holmquist has suffered, and continues to suffer, emotional damages as a result of the Defendants' unlawful actions.

### JURY DEMAND

Holmquist hereby demands a trial by jury on all issues so triable in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Neil Holmquist, by counsel, respectfully requests this Court enter judgment in his favor and against Defendants, The Stone Group, Inc, Thomas Keaty and Kevin Kenzinger, and prays for the following relief:

1.      A Declaratory Judgment that Defendants violated the specific requirements of Title I of the ADA described above;

2.      A permanent injunction that directs Defendants to take all steps necessary to fully comply with the requirements set forth in the ADA and to immediately cease all offending discriminatory practices;

3.      Compensatory damages him to the fullest extent permitted by law;

4.      Punitive damages to the fullest extent permitted by law;

5.      For recoverable attorney fees, costs, and interest; and

6.      For all other just and proper relief in the premises.

Respectfully submitted,

**JAMES W. HORTSMAN LAW GROUP, LLC**

By:     /s/ James W. Hortsman
        JAMES W. HORTSMAN, 32269-45
        Attorney for Plaintiff, Neil Holmquist

James W. Hortsman Law Group, LLC
115 E. 113 Avenue
Crown Point, IN 46307
Telephone: (219) 200-4112
jhortsman@hortsman.com

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Neil Holmquist**<br>**8670 Howard Street**<br>**Saint John, Indiana 46373** | From: | **Indianapolis District Office**<br>**101 West Ohio Street, Suite 1900**<br>**Indianapolis, Indiana 46204** |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2021-00042** | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(463) 999-1148** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Michelle Eisele*

04/15/2021

Enclosures(s)

**Michelle Eisele,**
**District Director**

*(Date Issued)*



EXHIBIT

A

tabbies

cc: **THE STONE GROUP, INC.**
    **c/o Katie Kerrigan**
    **Human Resources**
    **228 North Washtenaw Avenue**
    **Chicago, Illinois 60612-2014**

**James W. Hortsman**
**JAMES W HORTSMAN LAW GROUP**
**115 East 113th Avenue**
**Crown Point, Indiana 46311**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:   **James W. Hortsman**
      **JAMES W HORTSMAN LAW GROUP**
      **115 East 113th Avenue**
      **Crown Point, Indiana 46311**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**45D11-2107-CT-000654**

USDC IN/ND case 2:21-cv-00245-JTM-JPK   document 1-2   filed 08/09/21   page 28 of 29

Lake Superior Court, Civil Division 7

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

# SARKISIAN SARKISIAN
## &ASSOCIATES P.C.

Gregory J. Sarkisian    Randy K. Fleming
Arman G. Sarkisian*    Katie S. Sarkisian
Kane Sarkisian    Barry Sherman**

Tax ID. 20-5378529
http://www.SarkLawFirm.com

6165 Central Ave. Portage, IN 46368
phone  (219) 762-7718
fax    (219) 763-4650

*Licensed in IN & IL
** Of Counsel

October 29, 2019

IUOE Local 399
2260 S Grove Street
Chicago, IL 60616

The Stone Group
228 N. Washtenaw
Chicago, IL 60612

Starwood Retail Partners
1 E Wacker Dr #3600
Chicago, IL 60601

Re:  Employee/Member:  **Neil S. Holmquist**
      DOB:                **May 30, 1953**
      Position:           **Lead Tech Maintenance Engineer**

To whom it may concern:

Please be advised that my office represents Mr. Neil S. Holmquist. I am writing this letter to put you each on notice that Mr. Holmquist has certain medical conditions that make it difficult and/or unsafe for him to operate the JLG high lift machine. It is my understanding that Mr. Holmquist has high blood pressure and is a type 2 diabetic. These conditions take an effect on him when he is elevated high in the air operating such a machine. According to my client, there are not any other limitations that he has with regard to any other job functions.

Apparently there used to be some type of medical documentation in Mr. Holmquist's employment file but he is being told that cannot be located. For any additional information or confirmation that may be needed, please feel free to contact Dr. Arnold Bolisay at 708-226-7000. Dr. Bolisay is located at the DuPage Medical Group, 17495 LaGrange Road, Tinley Park, Illinois. In the event a medical release authorization is required, please feel free to forward one to my office or directly to Mr. Holmquist at NeilHolmquist@Hotmail.com.

Thank you for your time and attention to this correspondence. If additional information is needed, please feel free to contact me at your convenience.

Sincerely,

Gregory J. Sarkisian

**EXHIBIT**

**B**

DuPage Medical Group

WE CARE FOR YOU

DMG ENDOCRINOLOGY AT BLUE ISLAND
2320 WEST HIGH STREET
BLUE ISLAND IL 60406
708-388-5500

November 7, 2019

Neil S. Holmquist

8670 Howard St

Saint John IN 46373-9325

VIA Mail

Patient: Neil S Holmquist
DOB: 5/30/1953

To whom it may concern,

This letter is in reference to the above-named patient who I am seeing in my endocrine clinic for hypertension, and type 2 diabetes. Due to his medical conditions, I do not advise that he perform work-related activities at high elevations. Should you have any questions or concerns, please do not hesitate to contact me at the number listed below.

Best Regards,

Arnold Bolisay, MD
DMG ENDOCRINOLOGY AT BLUE ISLAND
2320 WEST HIGH STREET
BLUE ISLAND IL 60406
708-388-5500

cc: No Recipients