USDC IN/ND case 2:21-cv-00245-JTM-JPK   document 3   filed 07/14/21   page 1 of 8

45D11-2107-CT-000654
Lake Superior Court, Civil Division 7

Filed: 7/14/2021 11:41 AM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING IN _____, INDIANA |

NEIL HOLMQUIST,                 )
                                )
        Plaintiff,              )
                                )      CAUSE NO.:    45D11-2107-CT-000654
vs.                             )
                                )
THE STONE GROUP, INC.           )
THOMAS KEATY, and               )
KEVIN KENZINGER,                )      JURY TRIAL DEMAND
                                )
        Defendants.             )

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Comes now Plaintiff, NEIL HOLMQUIST, by and through his counsel James W. Hortsman, of JAMES W. HORTSMAN LAW GROUP, LLC and hereby asserts cause of action against Defendants THE STONE GROUP, INC., THOMAS KEATY and KEVIN KENZINGER, states as follows:

**PARTIES, JURSIDICTION AND VENUE**

1.  The Court has jurisdiction over the Defendants because the allegations making up the subject matter of this complaint all took place or resulted from Defendants' conduct of business, acts, omissions, transactions and other conduct in Lake County, Indiana.

2.  At all times relevant herein, Plaintiff, NEIL HOLMQUIST (hereinafter, "Holmquist") was and is a resident of Lake County, Indiana.

3.  At all times relevant herein, Defendant, THE STONE GROUP, INC. (known hereinafter "TSG") was, and is, an Illinois for-profit corporation, without authority to do business in Indiana, with a registered office at 228 N. Washtenaw Avenue, Chicago, IL 60612, providing

union labor and operating at Southlake Mall, 2109 Southlake Mall, Merrillville, IN 46410 (hereinafter the "Mall").

4. At all times relevant herein, Thomas Keaty (hereinafter "Keaty") was and is currently a management employee with TSG with direct responsibility for the contract and project at the Mall.

5. At all time relevant herein, Kevin Kenzinger (hereinafter "Kenzinger") was and is currently President and Chief Executive Officer of TSG.

6. This action is brought pursuant to the Americans with Disability Act (42 U.S.C. § 12101, *et seq.*) ("ADA").

7. All preconditions to jurisdiction under 42 U.S.C. § 12111, *et seq.*, have been satisfied.

    a. Plaintiff filed a charge of employment discrimination on the basis of Disability and Retaliation with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged employment discrimination.

    b. The EEOC issued a "Dismissal and Notice of Rights to Sue" on April 15, 2021. A copy of the "Dismissal and Notice of Rights to Sue" is attached hereto as "Exhibit A."

    c. On or about April 15, 2021, Plaintiff received the "Notice of Rights to Sue" from the EEOC on the above referenced charge. As such, this civil action is being initiated within ninety (90) days of Plaintiff's receipt of the EEOC Dismissal and Notice of Rights.

### STATEMENT OF FACTS

8. TSG assumed a contract for maintenance operations with Starwood Retail Partners ("Starwood") at the Mall from Able Engineering.

9. Holmquist worked for Able Engineering before TSG assumed the contract and transitioned to TSG from Able Engineering along with all other employees from Able Engineering.

10. Holmquist started as a Lead Maintenance engineer for TSG on or about September 1, 2019 and had worked in similar capacity at the Mall for more than 20 years before working with TSG.

11. Holmquist suffers from type 2 diabetes and hypertension and has been disabled on or before October 29, 2019; accordingly, he is protected by the ADA.

12. Upon information and belief, Holmquist believes his entire employee file from Able Engineering was provided to TSG, including a doctor's note with restrictions due to his disability.

13. Holmquist has a limited restriction on his ability to perform some job duties of his position with TSG; namely, his treating physician restricted him from performing his job at elevated heights due the risk of health and safety of Holmquist and others.

14. Holmquist reported to directly and indirectly to Saudeeq Hibbler ("Hibbler") of TSG and Mark Doran ("Doran") of Starwood.

15. On or about October 24, 2019, Holmquist was instructed by Hibbler or Doran to hang holiday lighting from the rafters of the Mall.

16. Holmquist objected to this request due to his restrictions and initially refused to perform the request.

17. Holmquist notified both Hibbler and Doran of his disability and his restriction orally by citing his doctor's note.

18. Other TSG employees offered to perform the project in place of Holmquist but were rebuffed by Hibbler or Doran.

19. Holmquist eventually performed the work for fear of being sent home without pay or terminated on October 24, 2019.

20. He was subsequently written up by TSG on October 29, 2019 via a Written Warning Letter ("Warning").

21. Holmquist objected to the write up and provided additional documentation about his restriction on October 29, 2019 and November 7, 2019. See Exhibit B.

22. At no point after the Warning did TSG take any step, make any inquiry, create any plan into providing Holmquist with any accommodation.

23. Further, TSG did not attempt to accommodate or acknowledge Holmquist's request for accommodation.

24. In fact, TSG continued to specifically assign to Holmquist work tasks that required him to work at elevated heights after October 29, 2019 and November 7, 2019.

25. Each time Holmquist was assigned these work other TSG employee would attempt to switch duties but neither Doran or Hibbler would allow it.

26. TSG, Keaty, and Kenzinger stated that it did not need to honor the request for accommodations because it was not made at or before the time Holmquist was hired by TSG.

27. Further, Keaty and Kenzinger disparaged and belittled Holmquist in front of his coworkers, causing Holmquist severe humiliation and distress.

4

28. Holmquist has suffered and continues to suffer: loss wages and income, lost benefits emotional damages as a result of Defendants' unlawful actions.

## COUNT I-AMERICANS WITH DISABILITY ACT

29. Holmquist herein incorporates by reference and re-alleges each allegation as set forth paragraphs one (1) through twenty-eight (28) as if set out in their entirety herein.

30. Holmquist is a qualifying individual with a disability as described in 42 U.S.C §12102(1).

31. Title I of the ADA (42 U.S.C §12111) prohibits discrimination on the basis of disability in employment.

32. TSG is a covered entity and employer as described in 42 U.S.C § 12111(2) - (5).

33. Further, Title I of the ADA requires employers to make reasonable accommodations to known disabilities of qualified individuals.

34. TSG had or should have had knowledge of Holmquist disability and request for accommodation on October 24, 2019.

35. TSG had knowledge of Holmquist's disability and request for accommodation on October 29, 2019 by written notice and was notified again in writing on November 7, 2019.

36. TSG is expressly required by the ADA to provide reasonable accommodations to employees with disabilities, such as Holmquist.

37. TSG failed to take any steps accommodate Holmquist's reasonable accommodation.

38. There would be no undue hardship to TSG accommodating Holmquist's request.

39. TSG had other available and willing staff to perform the tasks that Holmquist was assigned that conflicted with his request for accommodations.

40. TSG denied Holmquist fair and equal treatment in his employment due to his disability.

41. Holmquist has suffered, and continues to suffer, loss wages, lost benefits, dignity and emotional damages as a result of Defendants' unlawful actions.

## COUNT II- INDIANA STATUORY LAW

42. Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through forty-one (41) as if fully set forth herein.

43. Indiana Code 22-9-5 prohibits employment discrimination against disabled persons.

44. Holmquist is a qualified individual with a disability and protected from discrimination by Indiana Law under I.C. 22-9-5-16.

45. TSG is prohibited from discriminating against Holmquist by Indiana Law under I.C. 22-9-5-19.

46. Holmquist has suffered, and continues to suffer, loss wages, lost benefits, and emotional damages as a result of Defendants' unlawful behavior.

## COUNT III- INDIANA TORT CLAIMS

47. Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through forty-six (46) as if fully set herein.

48. TSG, Keaty, and Kenzinger engaged in extreme and outrageous conduct when it required Holmquist to continue to perform job duties at extreme heights after he made a request for accommodations.

49. TSG, Keaty, and Kenzinger intentionally and/or recklessly engaged in this systematic discrimination against Holmquist; such conduct was willful and wanton, inconsistent with mere negligence, business judgment, or some other non-iniquitous human failing.

50. Holmquist has suffered severe emotional distress caused by Defendants' actions.

51. Holmquist has suffered, and continues to suffer, emotional damages as a result of the Defendants' unlawful actions.

## COUNT IV- SLANDER

52. Holmquist incorporates by reference and re-alleges each allegation set forth in paragraphs one (1) through fifty-one (51) as if fully set herein.

53. TSG, Keaty, Kenzinger, and TSG's employees and agents, publicly indicated that Holmquist was a liar as to his disability.

54. Defendants' public indications regarding Holmquist's disability, and Defendants assertions that Holmquist lied about the same equate to unprivileged false statements regarding Holmquist.

55. Such unprivileged false statements caused, and continue to cause, Holmquist material and reputational harm.

56. Defendants acted with, and continue to act with, negligence and/or actual malice.

57. Holmquist has suffered, and continues to suffer, emotional damages as a result of the Defendants' unlawful actions.

## JURY DEMAND

Holmquist hereby demands a trial by jury on all issues so triable in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Neil Holmquist, by counsel, respectfully requests this Court enter judgment in his favor and against Defendants, The Stone Group, Inc, Thomas Keaty and Kevin Kenzinger, and prays for the following relief:

1. A Declaratory Judgment that Defendants violated the specific requirements of Title I of the ADA described above;

2. A permanent injunction that directs Defendants to take all steps necessary to fully comply with the requirements set forth in the ADA and to immediately cease all offending discriminatory practices;

3. Compensatory damages him to the fullest extent permitted by law;

4. Punitive damages to the fullest extent permitted by law;

5. For recoverable attorney fees, costs, and interest; and

6. For all other just and proper relief in the premises.


Respectfully submitted,

**JAMES W. HORTSMAN LAW GROUP, LLC**

By: /s/ James W. Hortsman
JAMES W. HORTSMAN, 32269-45
Attorney for Plaintiff, Neil Holmquist

James W. Hortsman Law Group, LLC
115 E. 113 Avenue
Crown Point, IN 46307
Telephone: (219) 200-4112
jhortsman@hortsman.com